In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00036-CR
______________________________


MARK CURTIS RICHARDSON, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 025730-A


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â Mark Curtis Richardson appeals from his conviction, on his plea of guilty pursuant to a
negotiated plea agreement, for possession of a controlled substance with intent to deliver. His
contentions of error are directed at the trial court's ruling on his pretrial motion to suppress. 
Â Â Â Â Â Â Â Â Â Â Â Â The original hearing on the motion to suppress was conducted four years before the trial. The
motion to suppress was overruled after a hearing and after the parties filed briefs on the issue
November 24, 1998. On October 31, 2002, a hearing was held on Richardson's motion to reconsider
his motion to suppress based on new authority presented to the court. The trial court overruled the
motion to reconsider November 6, 2002. Richardson pled guilty on JanuaryÂ 10, 2003, and was
assessed a twelve-year sentence.
Â Â Â Â Â Â Â Â Â Â Â Â Richardson first asks this Court to abate the appeal because he was not provided with a
reporter's record of the guilty plea proceeding, and argues that one is necessary to complete his brief. 
We recognize, however, that a trial court's decision to grant or deny a motion to suppress is reviewed
under an abuse of discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). The general rule is that an appellate court should afford almost total deference to a trial
court's determination of the historical facts supported by the record, especially when the trial court's
fact findings are based on an evaluation of credibility and demeanor. Id. There is no suggestion or
indication the suppression issue was revisited at the time of the guilty plea. Accordingly, there is
no indication that any matter of any relevance to the appeal that may be brought in this situation was
addressed in any other context than the hearing on that issue. Under these facts, abatement for
preparation of a reporter's record from the guilty plea is unnecessary. The request is denied.
Â Â Â Â Â Â Â Â Â Â Â Â Richardson contends the trial court erred by overruling his motion to suppress evidence
discovered during a search of his vehicle. The record shows Richardson was driving on an interstate
highway and was stopped by a policeman (Deputy James Benson), who testified he saw the car
swerve onto the shoulder about a foot, for about one or two seconds. He also testified there was
another vehicle between his police vehicle and Richardson's vehicle, which was traveling
approximately fifteen to twenty feet behind Richardson's vehicle in the inside lane. He thought
Richardson's action of driving across the white line was not safe and he was "concerned withÂ .Â .Â .
them coming back into their lane of traffic and possibly going the other direction." The officer
testified he pulled Richardson over for failure to maintain a single lane. Officer Benson testified
that, after stopping the car and questioning the occupants (the passenger lied about his name), he
asked forâand was givenâpermission to search the car. As a result of the search, he found cocaine
in a box containing dirty clothes. 
Â Â Â Â Â Â Â Â Â Â Â Â Richardson contends the traffic stop was illegal and thus the resulting search was necessarily
also illegal. He directs this Court to the recent opinion in Corbin v. State, 85 S.W.3d 272 (Tex.
Crim. App. 2002), for a discussion of a very similar situation.
Â Â Â Â Â Â Â Â Â Â Â Â As correctly pointed out by counsel, in this case, as in Corbin, the driver veered onto the
shoulder a distance of only about a foot, for only one or two seconds. In our initial opinion in
Corbin, we held there was insufficient evidence to indicate from the information that the appellant
failed to maintain his lane in an unsafe manner, and thus the stop was unreasonable.


 The Texas
Court of Criminal Appeals did not review our conclusion on that matter, but reversed our
determination that the motion to suppress was properly denied because Officer Benson was
exercising his community caretaking function in making the stop. Id. at 278â79. 
Â Â Â Â Â Â Â Â Â Â Â Â The stop in this case, as in Corbin, was predicated on evidence of a violation of Tex.
Transp. Code Ann. Â§ 545.060(a) (Vernon 1999), which provides that, "An operator on a roadway
divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical
entirely within a single lane; and (2) may not move from the lane unless that movement can be made
safely." As we recognized in Corbin, this statute does not provide that any movement over a
dividing line between lanes or between a lane and a shoulder is necessarily a criminal offense, but
instead presumes a certain degree of common sense will be applied to the observation of the driver's
actions by requiring that a driver shall drive "as nearly as practical entirely within a single lane . . .Â ."
and that he or she may not move from the lane unless the movement can be made safely. Tex.
Transp. Code Ann. Â§ 545.060(a); Corbin v. State, 33 S.W.3d 90, 94 (Tex. App.âTexarkana 2000),
rev'd, 85 S.W.3d 272 (Tex. Crim. App. 2002).



Â Â Â Â Â Â Â Â Â Â Â Â In our analysis of a traffic stop, the question is whether the State proved the reasonableness
of the stop. See Russell v. State, 717 S.W.2d 7, 9â10 (Tex. Crim. App. 1986). An officer may stop
and briefly detain a person for investigative purposes even in the absence of evidence rising to the
level of probable cause if the officer has a reasonable suspicion supported by articulable facts which,
taken together with rational inferences from those facts, lead him to conclude the person is, has been,
or soon will be engaged in criminal activity. Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App.
1997).
Â Â Â Â Â Â Â Â Â Â Â Â In determining whether the intrusion was reasonable, an objective standard is applied. The
question is whether the facts available to the officer at the moment of the seizure or search would
lead a person of reasonable caution to believe that the action taken was appropriate. Davis v. State,
947 S.W.2d 240, 243 (Tex. Crim. App. 1997). Because the facts are not in dispute, we make a de
novo determination of whether those facts give rise to the requisite "reasonable suspicion."
Â Â Â Â Â Â Â Â Â Â Â Â The State suggests that, in this case, the speed of the vehicle driven by Richardson was high. 
However, the officer's testimony clearly shows that Richardson was not exceeding the speed limit
and the speed was not extraordinary. The distinction in this and Corbin is that here another vehicle
was nearby Richardson's vehicle and the officer testified that moving the vehicle across the lane onto
the shoulder was not safe. In Corbin, the stop was in the early morning hours with no nearby traffic. 
In that case, the driver was driving only fifty-two miles per hour in a sixty-five mile-per-hour zone
and went over the line for only about twenty feet. Here, there is evidence another vehicle was
following fifteen to twenty feet behind Richardson's vehicle in the inside lane. Richardson's vehicle
was in the outside lane closest to the shoulder. Officer Benson testified he thought the movement
onto the shoulder was not safe and further said he was "concerned with . . . them coming back into
their lane of traffic and possibly going the other direction."
Â Â Â Â Â Â Â Â Â Â Â Â In Hernandez v. State, 983 S.W.2d 867 (Tex. App.âAustin 1998, pet. ref'd), the defendant
crossed eighteen to twenty-four inches into a lane of traffic one time, "very few" other vehicles were
near, the arresting officer thought it was unsafe because he was concerned about the defendant's
well-being, but the evidence showed no danger to other vehicles, id. at 868, and there were no
objective circumstances (time, location, movement) indicating the driver was intoxicated. Id. at 870. 
There the Austin court held: 
The remaining issue is whether (1) a single instance (2) of crossing a lane dividing
line by 18 to 24 inches (3) into a lane of traffic traveling the same direction (4) when
the movement is not shown to be unsafe or dangerous, gave [the officer] a reasonable
basis for suspecting that appellant had committed a . . . criminal-traffic offense. If
it did, the stop was valid . . . . We conclude, however, under the facts of this case it
did not.

Id. at 870â71.
Â Â Â Â Â Â Â Â Â Â Â Â This case is distinguishable from Hernandez because here there is specific testimony about
the proximity of another vehicle, leading the officer to conclude the lane change was not safe.
Â Â Â Â Â Â Â Â Â Â Â Â In Martinez v. State, 29 S.W.3d 609 (Tex. App.âHouston [1st Dist.] 2000, pet. ref'd), that
court approved a stop of a vehicle that swerved once onto the shoulder of a busy highway. The facts
in the Martinez case are very similar to this case. The officer observed the defendant swerve onto
the shoulder. The testimony showed that traffic was moderate to heavy. The court concluded it was
not unreasonable for the officer to conclude such action was unsafe.
Â Â Â Â Â Â Â Â Â Â Â Â Although we find this case to be a close call, we conclude that, because the officer testified
the movement was unsafe, and because there was another vehicle nearby, the evidence was sufficient
for the officer to have a "reasonable suspicion" that Richardson's movement of the vehicle from his
lane was not done safely. The contention of error is overruled.
Â Â Â Â Â Â Â Â Â Â Â Â Due to our disposition of the first issue, it is unnecessary to address the State's alternative
argument that the stop was reasonable based on the community caretaking theory.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â December 5, 2003
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 9, 2004

Do Not Publish



Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-095-CR%20Hollis%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00095-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DARRYL GENE HOLLIS,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 115th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Upshur County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 15,710

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Darryl
Gene Hollis appeals from his conviction on an open plea of guilty to the court
of aggravated robbery with a deadly weapon, enhanced to habitual offender.Â  Hollis also pled true to the enhancements. Â The trial court sentenced Hollis to ninety-nine
yearsÂ imprisonment.

Â Â Â Â Â Â Â Â Â Â Â  HollisÂ
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, providing possible issues, but explaining why they
cannot succeed. Â Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced.Â 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Â Â Â Â Â Â Â Â Â Â Â  Counsel
mailed a copy of the brief and a letter to Hollis on August 30, 2011, informing
Hollis of his right to file a pro se response and providing him with a copy of
the record for review.Â  No response has
been filed.Â  Counsel has also filed a
motion with this Court seeking to withdraw as counsel in this appeal.Â  

Â Â Â Â Â Â Â Â Â Â Â  We
have determined that this appeal is wholly frivolous. Â We have independently reviewed the clerkÂs
record and the reporterÂs record, and find no genuinely arguable issue.Â  See Halbert v. Michigan, 545 U.S. 605, 623 (2005).Â  We, therefore, agree with counselÂs
assessment that no arguable issues support an appeal.Â  See
Bledsoe v. State, 178 S.W.3d 824, 826Â27 (Tex. Crim. App. 2005).Â  

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.[1]

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  November 18, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November 21, 2011

Â 

Do Not Publish











[1]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counselÂs request to withdraw from further representation of appellant in
this case.Â  No substitute counsel will be
appointed.Â  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.Â  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last timely
motion for rehearing or for en banc reconsideration was overruled by this
Court.Â  See Tex. R. App. P.
68.2.Â  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.Â  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).Â  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.Â  See Tex.
R. App. P. 68.4.